COPE, C.J.
The former husband, Ignacio M. Font, appeals a final judgment of .dissolution of marriage. We affirm.
We first address the former husband’s claim that the trial court erred in its child support calculation. The former husband contends that the trial court erroneously refused to provide him the benefit of the forty percent rule contained in the child support statute. See § 61.30(ll)(b), Fla. Stat. (2004). The statute provides a special calculation where the noncustodial parent has the children for overnight visitation for at least forty percent of the nights per year. See id. § 61.30(ll)(b)10.
In this case the parties agreed on a liberal visitation schedule which was incorporated into the final judgment. The former husband calculates that under the terms of the written visitation schedule, the children stay with him overnight for forty percent of the nights per year. The former husband maintains that the trial court erred by ruling that the forty percent rule does not apply here.
We conclude that the trial court’s ruling was correct based on the testimony of the parties. In order to qualify for the forty percent rule, the noncustodial parent must be actively exercising overnight visitation for at least forty percent of the nights per year. See id.
The written visitation schedule included visitation with the former husband on alternating weekends beginning Thursday after school until Sunday at 8:00 p.m. Under this schedule, each week the husband would have the children Thursday evening, Friday evening, and Saturday evening for overnight visitation. When those overnight stays are added to all of the former husband’s other visitation days, the former husband is correct that this amounts to forty percent of the overnight stays per year.
However, at the final hearing the parties testified that when the former husband had alternating weekend visitation, his visitation began on Friday, not Thursday. This resulted in an omission of twenty-six *1197 Thursdays per year. The court was correct in saying that the visitation actually exercised by the former husband was less than that provided in the written schedule and fell below the forty percent threshold provided by the statute. Thus, the trial court was correct in ruling that the forty percent threshold had not been met.
We affirm the trial court’s remaining rulings as being supported by the record and within the trial court’s discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We have carefully considered the former husband’s arguments on appeal, but are not persuaded that any reversible error occurred.
Affirmed.